```
                                CLERK'S OFFICE U.S. DIST. COURT
                                      AT ROANOKE, VA
                                          FILED
```
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2015

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES CLAUDE GREER II, | CASE NO. 7:15CV00222 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| DIRECTOR, VADOC, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

James Claude Greer II, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state court criminal judgment entered against him in 1991. Upon review of the record, the court concludes that the petition must be summarily dismissed as untimely filed and without merit.

I

Greer's petition and state court records available online indicate that after a jury trial in Henry County Circuit Court, Greer was convicted of possession of a firearm by a convicted felon. For that offense and a separate conviction for assault and battery, the Court sentenced Greer to one year and 12 months in prison. Greer's appeals to the Court of Appeals of Virginia and the Supreme Court of Virginia were unsuccessful and ended on June 12, 1992. He did not file a petition for a writ of certiorari in the United States Supreme Court. In 1999, Greer was convicted in Patrick County of first degree murder and is now serving a life sentence for that offense.

Greer claims that the Henry County judgment is void, based on alleged extrinsic fraud by the lead criminal investigator. Greer alleges that the investigator made numerous false statements and committed misconduct that led to her own indictment and conviction. Greer

states that he presented these allegations in a "motion to vacate" the conviction under Virginia Code § 8.01-428, filed in the closed criminal action. The Circuit Court denied this motion on March 27, 2012, without conducting a hearing. In 2013, Greer filed a petition for a writ of habeas corpus in the Circuit Court based on the same allegations of fraud. The Court dismissed this petition on May 28, 2013, as too conclusory to state a cause of action under state law, and as procedurally defaulted and untimely under state habeas rules.[1] Greer's habeas appeal to the Supreme Court of Virginia was dismissed on November 25, 2013.

Greer signed and dated his § 2254 petition on May 4, 2015. The court conditionally filed Greer's petition, advised him that it appeared to be untimely filed under § 2244(d)(1), and directed him to provide any additional information related to this timeliness issue, which he has done. Greer raises one claim in this petition: "The state proceedings, involving applicable procedures which [Greer] utilized pursuant to court rules, denied [him] due process to adequately present [his] issues of constitutional violations challenging the jurisdiction of the underlying criminal convictions." (Pet. 4, ECF No. 1.) He asserts that his § 2254 petition is timely, because he did not learn of the state court's rulings on his extrinsic fraud claims until the end of his post conviction proceedings in November 2013. He further claims that he remains in custody on the 1991 conviction, because the fact of that conviction was used to enhance his sentence on his 1999 murder conviction. As relief, Greer asks this court to vacate his conviction and remand the case to the state court for a new trial.

---

[1] Greer does not provide a copy of the Circuit Court orders regarding any of his post-conviction filings, but he states the following reasons the Circuit Court gave for dismissing his habeas petition: (1) the record did not show that the investigator's statements had any connection to Greer's case; (2) the record did not indicate when the investigator made the false statements, the circumstances surrounding her statements, or information about the plea agreement or court proceedings involving the investigator; (3) the allegations in the petition were too conclusory to state a cause of action; (4) if the investigator entered her guilty plea before Greer's conviction, the claim is barred because he should have raised it on appeal; and (5) Greer's habeas was time barred under § 8.01-654(A)(2), because he filed it 22 years after entry of the final judgment.

II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[2] If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Greer's petition is clearly untimely filed under § 2244(d)(1)(A). Under this section, a conviction becomes final once the availability of appeal is exhausted and the time for filing a petition for writ of certiorari in the United States Supreme Court has expired. See Clay v. United States, 537 U.S. 522, 525 (2003). After the Supreme Court of Virginia denied Greer's criminal appeal on June 12, 1992, Greer had until September 10, 1992, to file a certiorari petition. See Rule 13(1), Rules of the Supreme Court of the United States (giving appellant 90 days from final judgment by highest state court to file petition for writ of certiorari). When Greer failed to file

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

such a petition by September 10, 1992, his conviction was final. Because Greer's conviction became final before April 24, 1996, the date upon which § 2244(d)(1) became law, he had until April 24, 1997, to file a timely federal habeas petition. See Hernandez v. Cardwell, 225 F.3d 435, 439 (4th Cir. 2000). Greer signed and dated his petition on May 4, 2015. Even considering this date as the date of filing, pursuant to Rule 3(d) of the Rules Governing 2254 Cases, the petition is untimely under § 2254(d)(1)(A).[3]

Greer does not allege that his claims are timely under § 2244(d)(1)(B), based on removal of a constitutional impediment to filing, or under § 2244(d)(1)(C), based on a right newly recognized by the United States Supreme Court. Greer believes, however, that his petition is timely under § 2244(d)(1)(D), based on the time when he discovered the state court's alleged mishandling of his extrinsic fraud claim. He is mistaken. Under § 2244(d)(1)(D), the one-year period for filing a § 2254 petition begins running on the earliest date when petitioner, acting with due diligence, could have discovered a fact material to his habeas claim. Greer knew that the state courts would not grant him relief on his extrinsic fraud claim by November 25, 2013, at the latest, when the Supreme Court of Virginia dismissed his habeas appeal on that claim. On that date, Greer's filing period under § 2244(d)(1)(D) for that claim began running, and it expired on November 25, 2014, nearly six months before Greer filed his § 2254 petition in May 2015. Thus, Greer has not shown any ground on which his petition is timely under § 2244(d)(1)(D).[4]

---

[3] The running of the federal statutory period is tolled while any state habeas corpus proceedings are pending. See 28 U.S.C. § 2244(d)(2). Because Greer did not file his state court habeas petition until after his federal filing period under § 2244(d)(1)(A) expired, however, the state habeas proceedings did not toll the federal period.

[4] Greer also does not assert equitable tolling or state facts showing any basis on which he could invoke equitable tolling of the statutory filing period. See McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924, 1931-32 (2013) (finding that habeas petition may be entitled to equitable tolling if he shows that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing, or if he shows factual innocence).

4

In any event, Greer's petition, complaining merely about alleged errors in state court post conviction proceedings,[5] fails to state any ground for federal habeas relief. "[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.").

III

For the reasons stated, the court must dismiss Greer's petition as untimely filed under § 2244(d)(1) and as without merit. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 15th day of June, 2015.

_____
Chief United States District Judge

---

[5] While the court has authority to construe Greer's pro se petition liberally as alleging that his conviction was obtained by extrinsic fraud, the court declines to do so, because Greer has provided no factual basis for such a construction. Greer's submissions do not state the investigator's name or provide any factual details whatsoever concerning her conduct, when it occurred, what bearing it had, if any, on Greer's 1991 trial, or how and when Greer learned of her alleged fraud. Moreover, because he did not present these details to the state habeas court (as evidenced by its rulings), these facts would be procedurally barred from review by this court now. See Cullen v. Pinholster, 563 U.S. 170, ___ (2011) (holding that federal habeas court's review of state court's adjudication of petitioner's claim is limited to "the record before the state court").

5

Case 7:15-cv-00222-GEC-RSB   Document 6   Filed 06/15/15   Page 5 of 5   Pageid#: 30